## Attachment B
### Information and Evidence to be Seized

The following digital information that constitutes fruits, contraband, evidence, and instrumentalities of violations of 18 U.S.C. § 922(g)(1) (felon in possession of firearm) and 21 U.S.C. § 841 (possession with intent to distribute controlled substances):

A. Evidence concerning the acquisition, possession, or sale of firearms or ammunition, including records that help reveal their whereabouts and digital photographs or video files depicting firearms or ammunition, or that relate to the purchase of a firearm or ammunition;

B. Digital photographs or video files of controlled substances, scales, packaging material, and other drug paraphernalia;

C. Digital photographs or video files displaying bulk U.S. currency;

D. Electronic communications including email, text messages, multimedia messages, and communications through social media networks and apps relating to firearms or ammunition possession, purchase, and transfer;

E. Electronic communications including email, text messages, multimedia messages, and communications through social media networks and apps relating to controlled substance possession, purchase, and sale;

F. Information concerning controlled substance or firearm transactions stored in tools used to accept and transmit payment for controlled substance purchases (e.g., applications such as Chime, Cash, Venmo, and Paypal);

G. Information used to protect controlled substances (such lists of stash locations, passcodes for locked physical storage devices, and passcodes for protected digital storage devices containing drug proceeds);

H. Records of controlled substance purchases and outstanding controlled substance debts (e.g., drug ledgers);

I. Evidence showing how the proceeds of illegal sales of controlled substances were received and where they are stored;

J. Lists, records, notes, or similar files documenting firearms possession or transactions and/or identifying individuals involved in those transactions;

K. Audio files including voice mail messages or chats relating to firearms possession or transfer;

L. Audio files including voice mail messages or chats relating to controlled substances;

M. Evidence of user attribution showing who used or owned the **Subject Devices** at the time items and records described in this warrant were created, edited, or deleted, such as phone calls, internet searches, photos and videos;

N. Records of things evidencing the use of the internet, including;

   a. Records of Internet Protocol (IP) addresses used; and

   b. Records of internet activity, including firewall logs, caches, browser history and cookies, bookmarked or favorite webpages, search terms that the user entered into any internet search engine, and records of user-typed web addresses; and

O. Evidence showing where the devices were located during the time period described above (e.g., geolocation data).

This warrant authorizes a review of electronically stored information, communications, other records, and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the ATF may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.